UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| G&H DEVELOPMENT, LLC | CIVIL ACTION NO. 13-0272 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| NANCY PENWELL, ET AL. | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM RULING**

Before the Court is a Motion for Partial Dismissal Addressing Plaintiff's Claims for Violation of Equal Protection and Procedural Due Process (Record Document 39) filed on behalf of Defendants Nancy Penwell ("Penwell"), the Benton-Parish Metropolitan Planning Commission ("Benton-Parish MPC"), Doyle Adams ("Adams"), Jim Morris ("Morris"), Fred Rankin ("Rankin"), the Benton-Parish Metropolitan Board of Adjustment ("Board of Adjustment"), the Bossier Parish Police Jury ("Police Jury"), and the Parish of Bossier ("the Parish"). Plaintiff G&H Development, LLC ("G&H") opposed the motion. See Record Document 44. For the reasons which follow, the Motion to Dismiss is **GRANTED**.

**I.   BACKGROUND.**

G&H is engaged in the business of developing immovable property by subdividing same into subdivision lots; building necessary streets and other improvements for a subdivision; and developing and selling individual lots, including lots with and without homes constructed thereon. See Record Document 36 (First Supplemental, Amending and Restated Complaint) at ¶ 7. G& H filed the instant lawsuit in early 2013 after Defendants refused to approve (1) its initial application for re-zoning and application for approval of a subdivision plat and (2) its subsequent application for approval of a new subdivision plat (with no accompanying application for re-zoning). See id. at ¶¶ 38-124.

G&H named the following as Defendants: Penwell, in her personal capacity; the Benton-Parish MPC; Adams, Morris, and Rankin, all in their personal capacities; the Board of Adjustment; the Police Jury; and the Parish. See id. at ¶ 3. G&H sets forth seven claims for relief:

I. Declaratory judgment for violation of G&H's rights to due process and equal protection under the United States Constitution;

II. Declaratory judgment for violation of G&H's rights to due process and equal protection under the Louisiana Constitution;

III. Declaratory judgment that the planning commission and Bossier Parish have not lawfully established any zoning affecting land in the metropolitan planning area, including the property;

IV. Declaratory judgment that G&H is entitled to the issuance of a certificate by the planning commission to the effect that Subdivision Plat 2 is approved;

V. Injunctive relief;

VI. Damages; and

VII. Attorney's fees.

See id. at ¶¶ 135-158. Defendants contend that G&H has also asserted a takings claim under the Fifth Amendment. See Record Document 40.

This Court has dismissed all claims against Penwell pursuant to qualified immunity. See Record Documents 50 & 51. Thus, the Court need not analyze the instant motion in relation to Penwell. The Court denied the motion to dismiss filed by the Board of Adjustment, Adams, Morris, and Rankin, wherein the Board of Adjustment and the individual members sought absolute quasi-judicial immunity. See Record Documents 52 & 53. The instant motion addresses G&H's federal and state law claims for violation of procedural due process and equal protection.

In its First Supplemental, Amending and Restated Complaint, G&H described the initial efforts involved in filing two applications simultaneously with the Benton-Parish MPC. G&H filed an application seeking to have the property in question rezoned from R-A (residence-agriculture districts) to R-1 (one family residence districts) and simultaneously filed an application seeking approval of its first subdivision plat. See Record Document 36, ¶¶ 38-56. These applications will be referred to as the rezoning application and the first subdivision application. Hearings were held by the Benton-Parish MPC on the rezoning application and the first subdivision application. See id. at ¶¶ 41-53. There was considerable opposition by local residents to G&H's applications. See id. at ¶¶ 42-48. After the public hearing on August 6, 2012, the Benton-Parish MPC voted to deny the rezoning application and, therefore, declared the first subdivision application moot. See id. at ¶ 53.

G&H appealed to the Police Jury. See id. at ¶ 54. A hearing was held on October 3, 2012. See id. The Police Jury heard from G&H and numerous members of the public, who opposed the appeal. See id. The Police Jury upheld the Benton-Parish MPC's denial of the rezoning application. See id.

After setting forth the aforementioned facts regarding the hearings conducted by the Benton-Parish MPC and the Police Jury, G&H alleged:

> 55. No action has ever been taken by either the [Benton-Parish MPC] or the Police Jury on the initial subdivision plat . . . of which G&H sought approval. Members of the Police Jury offered reasons for the denial of the appeal including statements to the effect that rural people had rights too. It is apparent that the policy of the [Benton-Parish MPC], the Police Jury and Bossier Parish is not to approve a subdivision plat over significant public opposition regardless whether the subdivision plat is for a use by right of property. G&H has also learned that it is the policy of the Police Jury for its members to vote in the manner that

> the member in whose district the subject property is located wants the Police Jury to vote.

Id. at ¶ 55. G&H alleges that these policies are violations of its rights to due process and equal protection. See id.

G&H discontinued seeking approval of the first subdivision application and "also realized that the existing R-A zoning of the [p]roperty allowed for it to be developed for one-family dwellings as a use by right." Id. at ¶ 57. "G&H developed a new subdivision plat . . . that clearly did not require any change of zoning decision." Id. at ¶ 58.[1] On November 9, 2012, G&H submitted its application for approval of this second subdivision plat. See id. at ¶ 59. This second subdivision application was not accompanied by an application for rezoning. See id. at ¶¶ 59-60.

Penwell, the Zoning Administrator of the Benton-Parish MPC, refused to accept the second subdivision application because (1) the property, inasmuch as it was (and is) zoned R-A, must first be re-zoned to R-1; and (2) a second application for rezoning the property could not be considered "for at least six months from the date [the original] application was denied." Record Document 39, Exhibit 2 at CD126:129.[2] Pursuant to a letter dated

---

[1] Defendants argue that G&H's new interpretation of Bossier Parish Ordinance 126-716 is inconsistent with other sections contained in Chapter 126 and inconsistent with the interpretation of Chapter 126 by, and the practice of, the Benton-Parish MPC and the Police Jury. See Record Document 39-1 at 12.

[2] Defendants note that G&H omits reference to Bossier Parish Code of Ordinances, Chapter 126, Article III, Section 126-1167(2)(a) in its First Supplemental, Amending and Restated Complaint. See Record Document 39, Exhibit 2 at CD126:129. Section 126-1167 (Legislative Disposition) provides, in pertinent part:

(2)    *Reconsideration.*

    a.    No land for which an application for

December 4, 2012, Mr. Patrick Jackson, the Parish Attorney, returned the second subdivision application to G&H based on Penwell's administrative interpretation of the applicable zoning ordinances. See Record Document 36 at ¶¶ 63-64; Record Document 1-2. In his letter, Mr. Jackson informed G&H that it could file an appeal with the Board of Adjustment if it disagreed with the administrative interpretation of the applicable ordinances. See Record Document 36 at ¶ 76; Record Document 1-2.

On December 15, 2012, G&H filed an appeal with the Board of Adjustment. See Record Document 36 at ¶ 79. A public hearing was held by the Board of Adjustment on January 17, 2013. See id. at ¶ 81. G&H was given the opportunity to make a presentation to the Board of Adjustment. See id. at ¶¶ 107, 113, & 114. After the hearing, the Board of Adjustment voted to deny the appeal and uphold the Zoning Administrator's administrative interpretation of the zoning ordinances that the second subdivision application could not be accepted without an accompanying application to rezone the property from R-A to R-1. See id. at ¶ 118. Board of Adjustment members Adams, Morris, and Rankin were present and voted at the meeting on January 17, 2013. See id. at ¶ 88.

On January 31, 2013, G&H appealed the decision of the Board of Adjustment to the Police Jury. See id. at ¶ 119. G&H requested a hearing. See id. A public hearing was set for March 6, 2013. See id. at ¶ 120. On March 5, 2013, Mr. Jackson wrote to G&H,

---

          reclassification has been denied by the town council or police jury shall be considered again by the planning commission or the police jury for at least six months from the date such application was denied.

Id.

stating:

> The . . . Police Jury is still willing to hold a public hearing on March 6, 2013 as you requested; however, please be prepared to address the jurisdiction of the Police Jury to hear this appeal from the Board of Adjustment. The Police Jury will first consider whether it has jurisdiction to hear this appeal. The Police Jury will consider the merits of the appeal only if, and after, it has first concluded that it has jurisdiction to hear the appeal.

Id. at ¶ 121. The hearing took place on March 6, 2013. See id. at ¶ 123. At the conclusion of the hearing, the Police Jury refused to consider the merits of G&H's appeal. See id. at ¶ 124.

G&H filed the instant lawsuit on February 4, 2013. See Record Document 1. G&H filed its First Supplemental, Amended and Restated Complaint, with consent, on July 1, 2013. See Record Documents 34-36.

## II. LAW AND ANALYSIS.

### A. Rule 12(b)(6) Standard.

Federal Rule of Civil Procedure 12(b)(6) allows for dismissal of an action "for failure to state a claim upon which relief can be granted." While a complaint attacked by a Rule 12(b)(6) motion does not need detailed factual allegations in order to avoid dismissal, the plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964–1965 (2007); see also Cuvillier v. Taylor, 503 F.3d 397, 401 (5th Cir.2007). A plaintiff's obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. The Supreme Court expounded on the Twombly standard, explaining that a complaint must contain sufficient factual matter to state a claim to relief that is plausible on its face. See Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct.

1937, 1949 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. In evaluating a motion to dismiss, the Court must construe the complaint liberally and accept all of the plaintiff's factual allegations in the complaint as true. See In re Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir.2009). However, the plaintiff must plead more than "mere conclusory allegations" and the Court will "not accept as true conclusory allegations or unwarranted deductions of fact." Tuchman v. DSC Commc'ns Corp., 14 F.3d 1061, 1067 (5th Cir. 1994).

**B.    Equal Protection Claims.**

In their Rule 12(b)(6) motion, Defendants seek dismissal of G&H's equal protection claims against the Police Jury, the Parish, the Benton-Parish MPC, Adams, Morris, Rankin, and the Board of Adjustment. See Record Document 39-1. In its opposition, G&H advanced no argument opposing the dismissal of its equal protection claims. See Record Document 44.

G&H's failure to address its equal protection claims amounts to abandonment of such claims. See Milton v. Boise Cascade, LLC, No. 08-1857, 2011 WL 285091, *2 (W.D. La. Jan. 25, 2011). In Hargrave v. Fibreboard Corp., 710 F.2d 1154 (5th Cir. 1983), the Fifth Circuit affirmed the district court's grant of summary judgment, reasoning:

> When T & N moved for summary judgment, Nicolet's opposition to the motion not only failed to present any data tending to establish the existence of a genuine issue of fact, but also completely failed even to refer to its alternative theories of recovery. Nicolet's silence continued through the summary judgment hearing and a motion for reconsideration; indeed, Nicolet never mentioned these theories again until this appeal. A plaintiff in his opposition to a motion for summary judgment cannot abandon an issue and then, after an unpalatable decision by the trial judge, on appeal, by drawing on the pleadings resurrect the abandoned issue. Our review of the record

>   convinces us that Nicolet abandoned its alternative theories of recovery by failing to present them to the trial court. Because Nicolet failed to raise a genuine issue of material fact on these theories as required by Fed.R.Civ.P. 56(e), the district court appropriately granted summary judgment for T & N on the whole case.

Id. at 1164 (internal citations and quotations omitted); see also Keenan v. Tejeda, 290 F.3d 252, 262 (5th Cir. 2002) ("Even an issue raised in the complaint but ignored at summary judgment may be deemed waived."). Thus, based on the foregoing, this Court considers G&H's equal protection claims abandoned and Defendants' Motion to Dismiss is **GRANTED**.

    **C.    Procedural Due Process Claims.**[3]

"Procedural due process imposes constraints on governmental decisions which deprive individuals of 'liberty' or 'property' interests within the meaning of the Due Process Clause of the Fifth or Fourteenth Amendment." Mathews v. Eldridge, 424 U.S. 319, 332, 96 S.Ct. 893, 901 (1976). The Supreme Court "consistently has held that some form of hearing is required before an individual is finally deprived of a property interest." Id. at 333, 96 S.Ct. at 902. "The fundamental requirement of due process is the opportunity to be heard 'at a meaningful time and in a meaningful manner.'" Id.

    **1.    The Police Jury and the Parish**.

G&H contends that the Police Jury and the Parish violated its right to procedural due process under the United States Constitution and the Louisiana Constitution. G&H argues that it was denied "the opportunity to be heard at a meaningful time and in a meaningful

---

[3] G&H's claims for violations of both federal and state constitutional substantive due process, to the extent G&H is asserting such claims, are not addressed at this stage of the litigation. See Record Document 39-1 at 2.

manner." Record Document 44 at 2. G&H further maintains that both the Policy Jury and the Parish were acting in an administrative capacity, rather than a legislative capacity. See id. at 2-4. More specifically, G&H argues that the actions of the Police Jury and the Parish "did not involve the establishment of a general policy, but instead 'singled out specific individuals and affected them differently from others.' Thus, [their] actions were not 'legislative' and G&H was entitled to procedural due process in dealing with [the Police Jury and the Parish]." Id. at 4.

Defendants move for dismissal of the procedural due process claims, arguing G&H's "allegations are wholly insufficient to state a cause of action for violation of due process." Record Document 39-1 at 17. Citing Jackson Court Condominiums, Inc. v. City of New Orleans, 874 F.2d 1070 (5th Cir. 1989), Defendants argue that when a zoning decision has been made by an elected body such as the Police Jury, the action is characterized "as legislative or 'quasi-legislative' negating procedural due process claims." Id. at 1074. "A local zoning decision is 'a quasi-legislative procedure, not subject to federal juridical consideration in the absence of arbitrary action," i.e., substantive due process violations. Id.

The Court finds guidance in persuasive authority from the Eastern District of Louisiana. In Brian B. Brown Const. Co. v. St. Tammany Parish, 17 F. Supp. 2d 586 (E.D. La. 1998), the court addressed a procedural due process claim arising from a police jury meeting wherein "Police Juror Kerry Harwell refused to hear [plaintiff's original counsel's] new plan and said he had already made up his mind." Id. at 589. The court reasoned:

> In this Circuit, "where a zoning decision has been made by an elected body . . . we have characterized the action as legislative or 'quasi-legislative' negating procedural due process claims." Jackson Court Condominiums,

> Inc. v. City of New Orleans, 874 F.2d 1070, 1074 (5th Cir.1989). There is, however, some precedent that when a zoning board makes a "specific decision regarding a specific piece of property," the action "may be more likely termed adjudicative." County Line Joint Venture v. City of Grand Prairie, Texas, 839 F.2d 1142, 1144 (5th Cir.1988). Later Circuit precedent seems to refute this, finding that "this court has remained on the legislative track when turning to . . . a specific zoning decision." Shelton, 780 F.2d at 480. However, even accepting that the "circumstances may arise in which the zoning decision of a governmental body, such as a county commission . . . may require some procedural due process, Jackson Court, 874 F.2d at 1074 n. 3, the Court's review of the evidence in this case assures it that no violation of plaintiff's procedural due process rights has occurred.

Id. The court noted that it was undisputed that counsel for plaintiff was allowed to speak and present his plan to the Police Jury. See id. The court further stated that "even if [the police juror] had already made up his mind, 'a decisionmaker is not disqualified simply because he has taken a position, even in public, on a policy issue . . . in the absence of a showing that he is not capable of judging a particular controversy fairly on the basis of its own circumstances," such as some personal or financial stake. Id., citing Jackson Court, 874 F.2d at 1077.

As to the rezoning application and the first subdivision application, G&H alleged that (1) the Police Jury held a hearing on its appeal of the Benton-Parish MPC's decision to deny the rezoning application; and (2) after hearing from all concerned, the Police Jury denied G&H's appeal. See Record Document 36 at ¶¶ 54-56. In conclusory fashion, G&H then alleged that "members of the Police Jury offered reasons for the denial of the appeal including statements to the effect that rural people had rights too" and that "it is the policy of the Police Jury for its members to vote in the manner that the member in whose district the subject property is located wants the Police Jury to vote." Record Document 36 at ¶ 55. In light of the legal principles set forth in Brian B. Brown Const. Co., even if this Court

were to classify the Police Jury's actions as administrative and not legislative or "quasi-legislative," G&H's allegations, even accepted as true and construed liberally, simply do not state a claim for violation of procedural due process by the Police Jury and/or the Parish because G&H admitted that the Police Jury conducted a hearing and heard from G&H. See Record Document 36 at ¶ 54.

As to the second subdivision application, G&H's allegations are that: (1) the Police Jury held a hearing on G&H's appeal from the decision of the Board of Adjustment; and (2) the Police Jury refused to consider the merits of G&H's appeal. See Record Document 36 at ¶¶ 119-124). The Police Jury did not consider the merits of G&H's appeal because state law required G&H to appeal the decision of the Board of Adjustment to the state district court, not the Police Jury. See La. R.S. 33:4780.47(A).[4] In other words, the Police Jury did not have jurisdiction under state law to decide the appeal. This Court notes that the Police Jury allowed the public hearing to proceed and allowed G&H to be heard, despite the concerns about jurisdiction. Moreover, G&H has made no allegation that it was denied notice of the hearing itself and/or notice of the jurisdictional nature of the hearing. Again, this Court finds that G&H's allegations do not state a claim for violation of procedural due

---

[4]Section 4780.47(A) provides:

> Any person or persons jointly or severally aggrieved by any decision by the board of adjustment relative to any officer, department, board, or bureau of the parish may present a petition to the district court of the parish in which the property affected is located. Such petition shall be duly verified, set forth that the decision is illegal, in whole or in part, and specify the grounds of the illegality. The petition shall be presented to the court within thirty days after the filing of the decision in the office of the board.

La. R.S. 33:4780.47(A).

process by the Police Jury and/or the Parish.[5] The Motion to Dismiss filed by the Police Jury and the Parish is, therefore, **GRANTED** as to G&H's procedural due process claims under both the United States Constitution and the Louisiana Constitution.

### 2. The Board of Adjustment, Adams, Morris, and Rankin.[6]

G&H's allegations against the Board of Adjustment, Adams, Morris, and Rankin relate to the second subdivision application. G&H contends that the Board of Adjustment and its members "utterly failed to provide G&H with a 'meaningful' hearing." Record Document 44 at 5. G&H contends that "the [January 17, 2013] hearing was riddled with fundamental procedural unfairness and due process violations, specifically:

- ♦ The Board of [Adjustment] refused to allow G&H to submit testimony under oath;

- ♦ The Board of [Adjustment] allowed . . . Penwell to testify before it, but denied G&H the opportunity to cross-examine her or even to question her;

- ♦ The Board of [Adjustment] refused to place witnesses under oath and subject them to perjury;

- ♦ The Board of [Adjustment] was represented by Neil T. Erwin, who was simultaneously representing the [MPC] (the appellee) before it;

- ♦ The Board of [Adjustment] denied G&H the opportunity to present any testimony, based on the advice of Neil T. Erwin;

- ♦ The Board of [Adjustment] allowed Neil T. Erwin to act as an advocate

---

[5]Louisiana's constitutional guarantee of due process conforms with the federal constitutional provision. See Progressive Security Ins. Co. v. Foster, 97-2985 (La. 4/23/98), 711 So. 2d 675, 688 ("Unlike Louisiana's provision on equal protection which is distinct from that provided in the Fourteenth Amendment, our due process guarantee in La. Const. Art. I, § 2 does not vary from the Due Process Clause of the Fourteenth Amendment to the United States Constitution.").

[6]Defendants did not move for dismissal of procedural due process claims as to Penwell and the Benton-Parish MPC. See Record Document 39 at 3.

>  for the [MPC], while, at the same time, it received and heeded advice from Mr. Erwin;
>
> ♦ The Board of [Adjustment] received and considered *ex parte* communications and documents from Neil T. Erwin and/or . . . Penwell, and relied upon those *ex parte* materials in rendering its decision.

Id. at 5-6.[7] G&H also argues that its appeal rights do not negate the necessity of procedural due process rights in the lower forum. See id. at 6.

Defendants seeks dismissal of the procedural due process claims against Adams, Morris, Rankin, and the Board of Adjustment on the grounds that G&H's allegations against them do not state a claim for violation of procedural due process under either the United States or the Louisiana Constitution. Defendants first note that a hearing was held before the Board of Adjustment on G&H's initial appeal from the determination made by Penwell as Zoning Administrator. See Record Document 36 at ¶¶ 79-81. In particular, Adams, Morris, and Rankin were the board members who were present and voted. See id. at ¶¶ 88, 118. After the hearing, the Board of Adjustment voted to uphold the determination by Penwell. See id. at ¶ 118. Under these facts, Defendants contend that G&H cannot argue that it has been denied procedural due process.

The appeal hearing was conducted in compliance with Chapter 126, Article III, Division 7, Subdivision III of the Bossier Parish Code of Ordinances. See Record

---

[7]G&H also pointed to these alleged deficiencies in arguing that Adams, Morris, and Rankin were not entitled to absolute quasi-judicial immunity. The Court referred to some of these deficiencies in concluding that affording absolute immunity to Adams, Rankin, and Morris was not appropriate at this stage of the litigation. See Record Document 52 at 8-15. Such analysis was limited to the context of absolute quasi-judicial immunity, the functional test, and the O'Neal factors. See id. The Court is now analyzing a completely separate issue, that is, G&H's procedural due process claims against the Board of Adjustment, Adams, Morris, and Rankin.

Document 39, Exhibit 2 at CD126:125-126:127. Sections 126-1140 and 126-1141 require that the Board of Adjustment fix a reasonable time for the hearing and give public notice thereof. See id. at CD126:126. G&H has not alleged a violation of these timing or notice requirements. The majority of G&H's complaints relate to evidentiary matters, including the swearing of witnesses and the cross-examination of witnesses. Yet, pursuant Section 126-1141, the Board of Adjustment is not bound by legal rules of evidence. See id. Moreover, Section 126-1141 provides that the chairman, or acting chairman, *may* administer oaths and compel the attendance of witnesses. See id. Thus, while G&H has numerous complaints about the manner in which the Board of Adjustment conducted the January 17, 2013 hearing, the allegations in the complaint demonstrate that G&H had notice of the hearing and was allowed to participate in the hearing. Thus, based on the face of the complaint, it simply cannot be said that G&H was not allowed to be heard. For purposes of procedural due process, that is all that is required. The Motion to Dismiss filed by the Board of Adjustment, Adams, Morris, and Rankin is, therefore, **GRANTED** as to G&H's procedural due process claims under both the United States Constitution and the Louisiana Constitution.

### III. CONCLUSION.

Based on the foregoing analysis, the Court finds that G&H has abandoned its equal protection claims and that G&H has failed to state a procedural due process claim against the Police Jury, the Parish, the Board of Adjustment, Adams, Morris, and Rankin.

Accordingly,

**IT IS ORDERED** the Motion for Partial Dismissal Addressing Plaintiff's Claims for Violation of Equal Protection and Procedural Due Process (Record Document 39) be and

is hereby **GRANTED**.  The equal protection claims against all parties are **DISMISSED**.  The procedural due process claims against the Police Jury, the Parish, the Board of Adjustment, Adams, Morris, and Rankin are **DISMISSED**.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 26th day of March, 2014.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE