UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| G&H DEVELOPMENT, LLC | CIVIL ACTION NO. 13-0272 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| NANCY PENWELL, ET AL. | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM RULING**

Before the Court is a Motion to Dismiss Plaintiff's Claims as Not Ripe for Adjudication Pursuant to Federal Rule of Civil Procedure 12(b)(1) (Record Document 40) filed on behalf of Defendants Nancy Penwell ("Penwell"), the Benton-Parish Metropolitan Planning Commission ("Benton-Parish MPC"), Doyle Adams ("Adams"), Jim Morris ("Morris"), Fred Rankin ("Rankin"), the Benton-Parish Metropolitan Board of Adjustment ("Board of Adjustment"), the Bossier Parish Police Jury ("Police Jury"), and the Parish of Bossier ("the Parish"). Plaintiff G&H Development, LLC ("G&H") opposed the motion. See Record Document 45. For the reasons which follow, the Motion to Dismiss is **DENIED**.

**I.    BACKGROUND.**

G&H is engaged in the business of developing immovable property by subdividing same into subdivision lots; building necessary streets and other improvements for a subdivision; and developing and selling individual lots, including lots with and without homes constructed thereon. See Record Document 36 (First Supplemental, Amending and Restated Complaint) at ¶ 7. G&H filed the instant lawsuit in early 2013 after Defendants refused to approve (1) its initial application for rezoning and application for approval of a subdivision plat and (2) its subsequent application for approval of a new subdivision plat (with no accompanying application for rezoning). See id. at ¶¶ 38-124.

G&H named the following as Defendants: Penwell, in her personal capacity; the Benton-Parish MPC; Adams, Morris, and Rankin, all in their personal capacities; the Board of Adjustment; the Police Jury; and the Parish. See id. at ¶ 3. G&H sets forth seven claims for relief:

I. Declaratory judgment for violation of G&H's rights to due process and equal protection under the United States Constitution;

II. Declaratory judgment for violation of G&H's rights to due process and equal protection under the Louisiana Constitution;

III. Declaratory judgment that the planning commission and Bossier Parish have not lawfully established any zoning affecting land in the metropolitan planning area, including the property;

IV. Declaratory judgment that G&H is entitled to the issuance of a certificate by the planning commission to the effect that Subdivision Plat 2 is approved;

V. Injunctive relief;

VI. Damages; and

VII. Attorney's fees.

See id. at ¶¶ 135-158.

This Court dismissed all claims against Penwell pursuant to qualified immunity. See Record Documents 50 & 51. Thus, the Court need not analyze the instant motion in relation to Penwell. The equal protection claims against all parties and the procedural due process claims against the Police Jury, the Parish, the Board of Adjustment, Adams, Morris, and Rankin have also been dismissed. See Record Documents 54 & 55. The remaining due process claims are substantive in nature. Defendants contend in the instant motion that G&H has also asserted a takings claim under the Fifth Amendment. See Record Documents 40 & 47. G&H contests this point, arguing it made no takings claim.

See Record Document 45.

The facts of this case have been set forth in previous Memorandum Rulings and are hereby incorporated by reference. See Record Documents 50, 52 & 54. Again, this case relates to G&H's (1) initial application for rezoning and application for approval of a subdivision plat and (2) its subsequent application for approval of a new subdivision plat (with no accompanying application for rezoning). In August 2012, the Benton-Parish MPC held a public hearing on the rezoning application and the first subdivision application. See Record Document 36 at ¶¶ 41-53. The Benton-Parish MPC voted to deny the rezoning application and, therefore, declared the first subdivision application moot. See id. at ¶ 53.

G&H appealed to the Police Jury. See id. at ¶ 54. A hearing was held on October 3, 2012. See id. The Police Jury upheld the Benton-Parish MPC's denial of the rezoning application. See id.

G&H discontinued seeking approval of the first subdivision application and developed a new subdivision plat that is believed did not require any change of zoning. See id. at ¶ 58. On November 9, 2012, G&H submitted its application for approval of this second subdivision plat, with no application for rezoning. See id. at ¶ 59-60. Penwell, the Zoning Administrator of the Benton-Parish MPC, refused to accept the second subdivision application because the property had to first be rezoned and any second application for rezoning would be premature under Section 126-1167(2)(a) of the Bossier Parish Code of Ordinances. See Record Document 40, Exhibit 2 at CD126:129. By letter, the Parish Attorney informed G&H that it could file an appeal with the Board of Adjustment. See Record Document 36 at ¶ 76; Record Document 1-2.

On December 15, 2012, G&H filed an appeal with the Board of Adjustment. See

Record Document 36 at ¶ 79. A public hearing was held by the Board of Adjustment on January 17, 2013. See id. at ¶ 81. The Board of Adjustment voted to deny the appeal and uphold the Zoning Administrator's administrative interpretation of the zoning ordinances that the second subdivision application could not be accepted without an accompanying application to rezone the property from R-A to R-1. See id. at ¶ 118.

On January 31, 2013, G&H appealed the decision of the Board of Adjustment to the Police Jury. See id. at ¶ 119. G&H requested a hearing. See id. A public hearing was held on March 6, 2013. See id. at ¶ 120. At the hearing, the Police Jury concluded that it did not have jurisdiction to hear the appeal and, therefore, refused to consider the merits of G&H's appeal. See id. at ¶ 124.

## II. LAW AND ANALYSIS.

### A. Rule 12(b)(1) Standard.

Pursuant to Federal Rule of Civil Procedure 12(b)(1), a lawsuit must be dismissed if it appears that the Court does not possess subject matter jurisdiction. See Montecino v. Louisiana, 55 F.Supp.2d 547, 550 (E.D.La. 1999). The plaintiff bears the burden of establishing subject matter jurisdiction. See Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S.Ct. 1673, 1675 (1994). The Court may base its decision on a Rule 12(b)(1) motion on: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; and (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. See Barrera-Montenegro v. U.S., 74 F.3d 657, 659 (5th Cir.1996). If the allegation of jurisdiction is insufficient but jurisdiction may be inferred from facts pleaded in the complaint, however, the motion must be denied. See Montecino, 55 F.Supp.2d at 550.

Ripeness is a element of subject matter jurisdiction, as a court has no power to decide disputes that are not yet justiciable. See Sample v. Morrison, 406 F.3d 310, 312 (5th Cir.2005) (per curiam). Courts should dismiss cases for lack of ripeness if the issues presented are abstract or hypothetical. See Monk v. Huston, 340 F.3d 279, 282 (5th Cir.2003). To determine whether claims are ripe, we evaluate (1) the fitness of the issues for judicial resolution, and (2) the potential hardship to the parties caused by declining court consideration. See Texas v. U.S., 497 F.3d 491, 498 (5th Cir.2007). The fitness and hardship prongs must be balanced. See id. A case is generally ripe if any remaining questions are purely legal ones. See New Orleans Pub. Serv., Inc. v. Council of City of New Orleans, 833 F.2d 583, 587 (5th Cir.1987).

As a general rule, exhaustion of state remedies is not required as a prerequisite to bringing an action pursuant to Section 1983. See Patsy v. Bd. of Regents of State of Fla., 457 U.S. 496, 516, 102 S.Ct. 2557, 2568 (1982). An exception to this general rule involves takings claims. In Williamson County Reg'l Planning Comm'n v. Hamilton Bank, 473 U.S. 172, 186, 105 S.Ct. 3108, 3116 (1985), the Supreme Court adopted a two-prong test for ripeness under the Fifth Amendment's Takings Clause. Takings claims are not ripe until (1) the relevant governmental unit has reached a final decision as to how the regulation will be applied to the landowner; and (2) the plaintiff has sought compensation for the alleged taking through whatever adequate procedures the state provides. See Urban Developers, LLC v. City of Jackson, 468 F.3d 281, 292-293 (5th Cir. 2006), citing Williamson, 473 U.S. at 186, 105 S.Ct. at 3116.

### B. Has G&H Asserted a Fifth Amendment Takings Claim?

Defendants admit that G&H did not use the phrases "taking," "takings claim,"

"inverse condemnation," and/or "regulatory taking" in its First Supplemental, Amending and Restated Complaint. See Record Document 40-1 at 15. Notwithstanding, Defendants argue that when G&H's First Supplemental, Amending and Restated Complaint is "read in total," it is clear that G&H is asserting a takings claim. See id. Defendants focus on G&H's "Claim for Relief VI," which seeks all "reasonable damages." See Record Document 36, ¶ 155. Defendants contend:

> [G&H's] unbridled claim for all "reasonable damages," when read together with the approximately 125 paragraphs alleging the erroneous application of Bossier Parish ordinances, clearly states a takings claim. More particularly, [G&H] seeks to recover "a profit of approximately $6 million on the development of the Property" and the resulting sale of the residential lots.

Record Document 40-1 at 16. Based on these allegations, Defendants assert "there can be no doubt" that G&H states a cause of action for an inverse condemnation claim resulting from a partial taking. Id.

In response to Defendants' contention that it has asserted a takings claim, G&H responds:

> G&H makes no takings claim. Defendants assert that, although G&H has made no takings claim, G&H "clearly asserts a takings claim. That is simply not the case, and because it is not the case, defendants' ripeness analysis, applicable to takings claims under the Fifth Amendment, is inapposite.

Record Document 45 at 1. Later in its brief, G&H further explained:

> In this case, G&H seeks relief arising from defendants' violations of its constitutional rights; G&H does not make a takings claim. As explained by the Restigouche court, in the context of a zoning or land use case, due process claims and takings claims are wholly distinct and mature at different points in the process. ***This case has not matured to the takings stage.***
> In addition, G&H does not even make a takings claim and the damages it seeks are not for the value of the parcel of land at issue, but instead are for damages to G&H's business caused by the defendants' violations of G&H's constitutional rights. In other words, G&H damage model in this case is wholly different than what it would seek in a takings proceeding

– the value of the land itself.  As a result, G&H's due process claims are ripe and defendants' motion should be dismissed.

Id. at 5-6 (emphasis added).

In Simi Inv. Co., Inc. v. Harris County, Tex., 236 F.3d 240 (5th Cir. 2000), Simi sued in state court and the County later removed the suit to federal court.  Id. at 245.  Simi filed a motion to remand, ***stating that its federal takings claim was not ripe***.  See id. (emphasis added).  The district court did not rule on the motion for remand.  See id.  In federal court, Simi then added a Section 1983 substantive due process claim, alleging that the County's actions were arbitrary and capricious, namely that the County arbitrarily interfered with its property rights.  See id. at 245-246, 248 n. 12.

On appeal, the County argued that the district court lacked federal subject matter jurisdiction to decide the case because "the only potential federal claim available to Simi [was] the takings claim, and . . . Simi . . . conceded that such a claim [was] not ripe for review."  Id. at 247.  In concluding there was jurisdiction, the Fifth Circuit reasoned:

> While we agree that the takings claim is not ripe for review, this argument does not dispose of Simi's suit because the §1983 substantive due process claim was properly before the district court.
> In order to unpack the jurisdictional basis for the district court's holding, we revisit our recent decision in John Corp. v. City of Houston, 214 F.3d 573, 582 (5th Cir.2000), in which we held that substantive due process claims alleging deprivations of property are not necessarily subsumed under the Takings Clause.  As this is precisely the issue raised by the County, we find John Corp. to be dispositive as to the question of jurisdiction.
> John Corp. recognized that "[i]ndividuals may look to several constitutional provisions for protection against state action that results in a deprivation of their property." Id. at 577. One of those provisions is the substantive due process component of the Fourteenth Amendment which guarantees that individuals shall not be deprived of their property without due process of law. . . .  Another provision is the Takings Clause of the Fifth Amendment.  ***In the instant case, once Simi had its case removed to federal court, it explicitly pled a due process claim, recognizing that it did not have a takings claim.***

> Nevertheless, the County argues that we must decide this case under the Takings Clause . . . . Again, John Corp. controls our analysis. . . . [I]n the instant case, we find a takings analysis does not exhaust Simi's constitutional claims. John Corp. found that under Albright/Graham, a more explicit provision does not necessarily preempt due process protections, and that substantive due process claims can survive a related takings argument . . . . Our limited holding in John Corp. is similarly limited here; we find only that when a state interferes with property interests, a substantive due process claim may survive a takings analysis and, therefore, provide jurisdiction for a federal court.

Id. at 247-249 (emphasis added).

G&H has stated numerous times that it is not making a takings claim. See Record Document 45 at 1, 5-6. Additionally, G&H stated in its opposition that "this case has not matured to the takings stage." Id. at 5. These facts are remarkably similar to Simi, wherein Simi pled a due process claim, recognizing that it did not have a takings claim. Simi, 236 F.3d at 248. This Court believes that G&H has pled a substantive due process claim, recognizing that its case has not matured to the takings stage. Accordingly, Defendants' motion is **DENIED**, as G&H makes no takings claim and its substantive due process claims are distinct from any purported takings claim.[1]

### C. Ripeness of Substantive Due Process Claim.

G&H's substantive due process claim must be analyzed under general ripeness principles. See Rosedale Missionary Baptist Church v. New Orleans City, 641 F.3d 86, 90-91 (5th Cir. 2011). To determine whether claims are ripe, the court must evaluate (1) the fitness of the issues for judicial resolution, and (2) the potential hardship to the parties caused by declining court consideration. See Texas, 497 F.3d at 498. The fitness

---

[1] The Court notes that from this point forward, G&H will be estopped from asserting a Fifth Amendment takings claim. Any potential damages will likewise be limited to those that flow from violations of substantive due process, not the takings clause.

andhardship prongs must be balanced. See id. The first prong of the Williamson test for ripeness, i.e., that the relevant governmental unit has reached a final decision as to how the regulation will be applied to the landowner, has also been applied to substantive due process claims wherein governmental zoning actions are challenged as arbitrary and capricious.

G&H argues that "finality" exists in this matter because there can be no doubt that the initial decisionmaker in this case has reached a definitive position. See Record Document 45 at 3, citing Williamson, 473 U.S. at 193, 105 S.Ct. at 3120. Conversely, Defendants contend that there is no finality because "there exists no basis to conclude that a final decision has been made regarding Subdivision Application 1 and/or Subdivision Application 2." Record Document 47 at 5.

Zoning/rezoning is the issue in this case "that inflicts an actual, concrete injury." See Williamson, 473 U.S. at 193, 105 S. Ct. at 3120 ("the finality requirement is concerned with whether the initial decisionmaker has arrived at a definitive position on the issue that inflicts an actual, concrete injury"). In fact, Defendants have admitted that "the question of whether a large and densely populated residential subdivision is a use of right under Bossier Parish Ordinance 126-716, defining and describing R-A (residential-agricultural districts), when interpreted *in pari materia*, with the remaining sections of Chapter 126, is the critical issue presented by this lawsuit." Record Document 39-1 at 12 n. 5.[2] The initial denial of the rezoning application was the critical event in this case, as the mooting of the first subdivision application was the result of the initial zoning decision and the refusal to

---

[2]In New Orleans Pub. Serv., Inc., 833 F.2d at 587, the Fifth Circuit reasoned that a case is generally ripe if any remaining questions are purely legal ones.

process the second subdivision application was directly related to zoning, particularly the six month time period set forth in Section 126-1167(2)(a). It simply cannot be said that the zoning issue, which prevented the presentation of the subdivision plats, is "abstract or hypothetical." See Monk, 340 F.3d at 282.

Cognizant of its duty to balance the fitness and hardship prongs, this Court finds that G&H's substantive due process claims are ripe. The Court believes there has been a final decision as to zoning, the critical issue in this lawsuit. Additionally, there is potential hardship to G&H and the extreme probability of piecemeal litigation if this Court declines to consider the substantive due process claims. Thus, for the reasons set forth above, the motion is **DENIED** as to G&H's substantive due process claims.[3]

### D. State Law Claims.

Defendants seek dismissal of any remaining state law claims upon the dismissal of G&H's federal causes of action. See Record Document 40-1 at 19; see also Record Document 47 ("Assuming that [G&H's] federal claims are dismissed, [G&H] has indicated no objection to the dismissal of its state law claims."). Because this Court has not dismissed all of G&H's federal claims, the request to dismiss the pendant state law claims is **DENIED**.

### III. CONCLUSION.

Based on the foregoing analysis, the Court finds G&H has pled a substantive due

---

[3] While not raised by the parties, the Court notes that the futility exception to the threshold requirement of a final decision may also be applicable based on the facts pled by G&H. See U.L. Coleman Co., Ltd. v. Bossier City-Parish Metro. Planning Comm'n, No. 08-2011, 2010 WL 3843629, *4 (W.D. La. Sept. 27, 2010); see also Montecino, 55 F.Supp.2d at 550 (If the allegation of jurisdiction is insufficient but jurisdiction may be inferred from facts pleaded in the complaint, however, the motion must be denied).

process claim, not a Fifth Amendment takings claim. Moreover, G&H's substantive due process claims are ripe for adjudication. Finally, because not all of G&H's federal claims have been dismissed, Defendants' request to dismiss the pendant state law claims must be denied.

Accordingly,

**IT IS ORDERED** the Motion to Dismiss Plaintiff's Claims as Not Ripe for Adjudication Pursuant to Federal Rule of Civil Procedure 12(b)(1) (Record Document 40) be and is hereby **DENIED**.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 27th day of March, 2014.

S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE