**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

| | |
|---|---|
| G&H DEVELOPMENT, LLC | CIVIL ACTION NO. 13-0272 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| NANCY PENWELL, ET AL. | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM RULING**

Before the Court is a Motion for Summary Judgment (Record Document 86) filed by Defendants, the Benton-Parish Metropolitan Planning Commission ("Benton-Parish MPC"), the Bossier Parish Police Jury ("Police Jury"), and the Parish of Bossier ("the Parish"). The motion addresses Claim for Relief III in Plaintiff G&H Development, LLC's ("G&H") First Supplemental, Amending and Restated Complaint, seeking a declaratory judgment that:

1. Any ordinances or regulations which have been written to establish any zoning within the metropolitan planning area, and specifically as to the Property, are null, void and without any force and effect;

2. The Property is not subject to any zoning ordinances or regulations and may be developed without regard thereto.

Record Document 36 at ¶¶ 143-144.[1] The motion focuses on the issue of whether the Benton-Parish MPC, the Police Jury, and the Parish have adopted a zoning plan for the Metropolitan Planning Area. See Record Document 86. G&H has opposed the motion. See Record Document 104.

Also before the Court are two additional motions filed the Benton-Parish MPC, the Police Jury, and the Parish relating to G&H's Rezoning Application of June 10, 2012. See

---

[1]Claim for Relief III is grounded in the allegation that the Benton-Parish MPC "never made or certified a *zoning plan* to the Village of Benton and to the Police Jury of Bossier Parish." Record Document 36 at ¶ 142 (emphasis added). While G&H refers to the Village of Benton in its First Supplemental, Amending and Restated Complaint and Act 558 refers to the Village of Benton, Benton is now known as the Town of Benton.

Record Documents 87 & 91. G&H has opposed only certain aspects of these two motions. See Record Documents 105 & 109.

For the reasons set forth below, all of the defense motions (Record Documents 86, 87 & 91) are **GRANTED**. G&H's Claim for Relief III for declaratory judgment and all of its substantive due process claims relating to the Rezoning Application are **DISMISSED**.

**I.     BACKGROUND.**

G&H is the owner of certain immovable property comprising 55 acres, more or less, located in Section 24, Township 20 North, Range 14 West, Bossier Parish, Louisiana ("the Property"), within the jurisdiction of the Benton-Parish MPC . The Property is located in Bossier Parish within five miles of the Benton corporate limits ("the Metropolitan Planning Area").

On February 25, 1980, the Benton-Parish MPC adopted a resolution to request financial assistance from the Louisiana Department of Urban and Community Affairs to help in the development of a Master Plan for the Benton MPC. See Record Document 86, Exhibit 84 (Affidavit of Nancy Penwell Regarding Benton-Parish MPC & Board of Adjustment Meeting Minutes) & Exhibit 67 ( Benton-Parish MPC Meeting Minutes, February 25, 1980). Work elements to be funded for the 1980-1981 planning program included mapping, existing land use, zoning ordinance, and a transportation plan. See id. On October 13, 1981, the Police Jury adopted the proposed zoning plan as laid out in the zoning ordinances and zoning map by enacting Ordinance No. 922 of 1981, recommended by the Benton-Parish MPC, which was passed "[f]or the purpose of establishing zoning regulations for the unincorporated area of Bossier Parish within five miles of the Town of Benton . . . ." See id., Exhibit 65 (Police Jury Meeting Minutes, October 13, 1981 with

Ordinance 922 of 1981). Defendants maintain that this chain of events satisfies Act 558's[2] requirements with respect to a zoning plan by which the Benton-Parish MPC and the Police Jury could then exercise the powers granted in Article 5, Section 1 of Act 558. G&H does not agree, suggesting that Defendants have offered no master plan[3] that complies with Act 558 and, therefore, there is no authority to prevent the subdivision of G&H's property and the building of structures on it. See Record Document 104 at 5.

In 2003, the Police Jury adopted a Code of Ordinances. See Record Document 86, Exhibit 69, Ordinance No. 3882. The Bossier Parish Code of Ordinances includes a chapter (Chapter 126) containing zoning ordinances. Defendants have submitted the most recent version of the zoning ordinances of Bossier Parish affecting the Metropolitan Planning Area. See id., Exhibit 64. Defendants state that the Benton-Parish MPC and the Police Jury created the following additional documents as part of their on-going and continuing planning efforts, to wit:

- Comprehensive Bossier Land Use and Development Master Plan (Exhibit 73);

- Bossier Parish Proposed Parishwide Growth Management Zones (Exhibit 74);

- Bossier Parish Transportation Plan (Exhibit 75);

---

[2]G&H argues that Defendants have not complied with Act No. 558 of 1956, namely the requirement to make and adopt a master plan. Thus, G&H contends that Defendants do not have the authority to regulate the use of land.

[3]The Court notes that G&H asserted in its First Supplemental, Amending and Restated Complaint that the Planning Commission had never made or certified a *zoning plan*. See Record Document 36 at ¶ 142 (emphasis added). Now, in opposing the instant motion, G&H contends that Defendants have offered no *master plan* that complies with Act 558. See Record Document 104.

- Drainage Ordinances (Exhibit 76);

- Bridge Plan (Exhibit 77);

- Commercial Vehicle Enforcement Unit Ordinance (Exhibit 78); and

- Zoning map attached as part of Bossier Parish Code of Ordinances, Article III, Sec. 126-692 (Exhibit 79).

Again, G&H disagrees, maintaining that this "mishmash" of documents does not constitute a master plan. Record Document 104 at 5-6.

## II. LAW AND ANALYSIS.

### A. Summary Judgment Standard.

Summary judgment is proper pursuant to Rule 56 of the Federal Rules of Civil Procedure when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Quality Infusion Care, Inc. v. Health Care Serv. Corp., 628 F.3d 725, 728 (5th Cir.2010).[4] "Rule 56[(a)] mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Patrick v. Ridge, 394 F.3d 311, 315 (5th Cir.2004).

"A party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the

---

[4]The Court notes that Rule 56 now employs the phrase "genuine dispute," rather than "genuine issue." This 2010 amendment does not alter the Court's analysis, as there was not a substantive change to the summary judgment standard. See F.R.C.P. 56(a) and advisory committee's note.

affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S.Ct. 2548, 2553 (1986). If the moving party fails to meet this initial burden, the motion must be denied, regardless of the nonmovant's response. See Tubacex, Inc. v. M/V Risan, 45 F.3d 951, 954 (5th Cir.1995).

If the movant demonstrates the absence of a genuine dispute of material fact, "the nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine [dispute] for trial." Gen. Universal Sys., Inc. v. Lee, 379 F.3d 131, 141 (5th Cir.2004). Where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant, then summary judgment should be granted. See Boudreaux v. Swift Transp. Co., 402 F.3d 536, 540 (5th Cir.2005). Where the parties dispute the facts, the Court must view the facts and draw reasonable inferences in the light most favorable to the plaintiff. See Scott v. Harris, 550 U.S. 372, 378, 127 S.Ct. 1769 (2007). In sum, the motion for summary judgment "should be granted so long as whatever is before the district court demonstrates that the standard for the entry of summary judgment, as set forth in Rule 56(c), is satisfied." Celotex Corp., 477 U.S. at 323, 106 S.Ct. at 2553.

**B.     The Police Jury's Authority to Adopt Zoning Ordinances/Regulations.**

The crux of G&H's argument is that the zoning ordinances found in Chapter 126 of the Bossier Parish Code of Ordinances are null, void, and without any force and effect because the Benton-Parish MPC and the Police Jury have failed to adopt a comprehensive master plan as required by Article 5 of Act 558. See Record Document 104. Simply put, G&H contends that the Police Jury had no authority to enact the zoning ordinances because of its failure to adopt a master plan.

G&H has focused its argument exclusively upon the authority granted by Act 558. However, this Court finds that the proper starting point for analyzing the authority to adopt zoning ordinances and regulations is the Louisiana Constitution of 1974. Article VI, Section 17 of the Louisiana Constitution of 1974 provides:

> Section 17. Subject to uniform procedures established by law, a local governmental subdivision may (1) adopt regulations for land use, zoning, and historic preservation, which authority is declared to be a public purpose; (2) create commissions and districts to implement those regulations; (3) review decisions of any such commission; and (4) adopt standards for use, construction, demolition, and modification of areas and structures. Existing constitutional authority for historic preservation commissions is retained.

Louisiana's Revised Statutes also include multiple provisions authorizing and empowering police juries to adopt zoning regulations. For example, La. R.S. 33:1236 grants broad powers to the parish police juries, among them the power "to pass zoning ordinances [and] subdivision regulations." La. R.S. 33:1236(38)(a).

Additionally, La. R.S. 33:4780.40 *et seq.* authorizes police juries to regulate zoning by enacting zoning ordinances. See La. R.S. 33:4780.40. Under this subpart, zoning ordinances enacted by the police juries and the acts of the parish's "zoning commission, board of adjustment, or zoning administrator shall be subject to judicial review on the grounds of abuse of discretion, unreasonable exercise of police powers, excessive use of the power herein granted, or the denial of the right of due process." La. R.S. 33:4780.40. The only prerequisite to a parish enacting zoning ordinances under La. R.S. 33:4780.40 *et seq.* is that the zoning ordinances should be adopted in accordance with a comprehensive plan. See La. R.S. 33:4780.42.

In addition to the aforementioned statutes, under La. R.S. 33:101 *et seq.*, a parish or a municipality can create a planning commission, which can also serve as a zoning

commission. See La. R.S. 33:106(D) & 33:102. Finally, under Act 558, Bossier Parish and the Village of Benton were empowered to provide for metropolitan planning, which included the creation of a metropolitan planning commission, the creation of zoning ordinances and the creation of subdivision regulations. See Record Document 86, Exhibit 66. The constitutional and statutory authority of police juries and other local governmental subdivisions to adopt zoning ordinances and regulations is also reflected in Louisiana case law. See Jenkins v. St. Tammany Parish Police Jury, 1998-2627 (La. 7/2/99), 736 So.2d 1287; St. Charles Gaming Co., Inc. v. Riverboat Gaming Com'n, 1994-2697 (La. 1/17/95), 648 So.2d 1310.

G&H's argument that the Chapter 126 zoning ordinances are null and void appears to assume that the Police Jury could only adopt zoning ordinances and regulations in accordance with Act 558. However, the Police Jury was empowered and authorized to adopt the zoning ordinances found in Chapter 126 by the Louisiana Constitution of 1974 and four separate acts of the Louisiana Legislature, i.e., Section 1236(38)(a), Section 4780.40 *et seq.*, Section 101 *et seq.*, and Act 558. Any one, or any combinations, of the foregoing constitutional and statutory authorities justified the adoption of Chapter 126. Moreover, neither Article VI, Section 17 of the Louisiana Constitution of 1974 nor La. R.S. 33:1236(38) require the Police Jury to adopt a master plan or a zoning plan prior to the enactment of zoning ordinances/regulations. Thus, this Court holds that the Chapter 126 zoning ordinances were a valid exercise of the Police Jury's police powers under both Article VI, Section 17 of the Louisiana Constitution of 1974 and Section 1236(38).

Notwithstanding, the Court likewise finds that the summary judgment record establishes that the Benton-Parish MPC and the Police Jury have complied with Act 558

by adopting a comprehensive zoning plan, as compared to a master plan. Act 558 is divided into six separate articles: (1) "Article 1: Purpose and Authority"; (2) "Article 2: Metropolitan Planning"; (3) "Article 3: Subdivision Regulation"; (4) "Article 4: Mapped Streets"; (5) "Article 5: Zoning"; and (6) "Article 6: Housing and Building Codes Rehabilitation." Record Document 86, Exhibit 66. While G&H's First Supplemental, Amending and Restated referenced Article 5, G&H's opposition to the instant motion omits any reference to Article 5. Instead, the opposition focuses on Article 2.

This Court finds that the plain language of Act 558 draws a clear distinction between a master plan, as discussed in Article 2, and a zoning plan, as discussed in Article 5. Article 2 of Act 558 addresses Metropolitan Planning. The sections of Act 558 addressing zoning are found in Article 5. While it is true that Article 2 of Act 558 does reference the creation and adoption of a master plan, nothing in Article 2 conditions the enactment of zoning regulations on the adoption of a master plan. Conversely, Section 2 of Article 5 establishes a single prerequisite for the Police Jury to enact zoning regulations under the Act, that is, the adoption of a *zoning plan*. It is this distinction between Article 2's use of "master plan" and Article 5's use of "zoning plan" that negates G&H's argument.

Here, it is undisputed that the Police Jury adopted a zoning plan on October 13, 1981. See Record Documents 86-1 at ¶ 5 & 104-1 at ¶ 5. The purpose of the zoning plan was to establish zoning regulations for the unincorporated area of Bossier Parish within five miles of the Town of Benton. See id.; see also Record Document 86, Exhibit 65. G&H has produced no evidence to undermine this zoning plan produced by the Benton-Parish MPC and the Police Jury. Accordingly, Defendants' motion is **GRANTED** and G&H's Claim III

for Relief for declaratory judgment is **DISMISSED**.[5]

### C. Other Motions Filed by Defendants.

Also pending before the Court are two additional motions filed by the Benton-Parish MPC, the Police Jury, and the Parish relating to G&H's Rezoning Application. See Record Documents 87 & 91. The first is a Motion for Judgment on the Pleadings (or in the Alternative, Motion for Summary Judgment) filed by the Benton-Parish MPC on all of G&H's claims related to the denial of the Rezoning Application. See Record Document 87. The second is a Motion for Judgment on the Pleadings (or in the Alternative, Motion for Summary Judgment) filed by the Police Jury and the Parish on all of G&H's claims related to the affirmance of the denial of the Rezoning Application. See Record Document 91. These motions seek dismissal of G&H's substantive due process claim relating to the denial of the Rezoning Application.

In opposing the Benton-Parish MPC's motion, G&H stated:

> G&H does not oppose this motion to the extent it seeks to dismiss any claim by G&H for due process violations relating to the denial of its rezoning application.

Record Document 105 at 1. G&H opposed the motion only to the extent that the motion overlapped with other motions raising issues relating to the failure of Defendants to establish a master plan. See id. at 1-2. Likewise, in opposing the motion filed by the Police Jury and the Parish, G&H reiterated the same position:

> G&H does not oppose this motion to the extent it seeks to dismiss any claim

---

[5]This Court analyzed and concluded that the Police Jury's adoption of zoning ordinances and regulations was valid pursuant to the Louisiana Constitution of 1974, La. R.S. 33:1236(38), and Act 558. The Court did not reach the issue of whether the Police Jury followed the statutory requirements of La. R.S. 4780.40 *et seq.* and La R.S. 33:101 *et seq.*

>by G&H for due process violations relating to the affirmance of the denial of its rezoning application.

Record Document 109 at 1. G&H again opposed the motion only to the extent that the motion overlapped with other motions raising issues relating to the failure of Defendants to establish a master plan. See id. at 1-2.

As set forth above, this Court has now held that the Chapter 126 zoning ordinances are valid and applicable to G&H's property and that there was no requirement that the Police Jury adopt a master plan prior to enacting such zoning regulations. Additionally, the Court reads G&H's statement that it does not oppose the defense motions to the extent they seek to dismiss claims for due process violations relating to the rezoning application as a concession that G&H has in fact abandoned its claim that the actions of the Benton-Parish MPC and the Police Jury in relation to the rezoning application were arbitrary and capricious.[6] Accordingly, the defense motions (Record Documents 87 & 91) seeking dismissal of G&H's substantive due process claim relating to the Rezoning Application are **GRANTED**.

Within these same motions, Defendants also seek dismissal of G&H's claims under the Louisiana Constitution and other remaining state law claims relating to the Rezoning Application. Because the Louisiana Constitution's guarantee of due process of law "embodies the fundamental fairness guarantees inherent in its federal counterpart," G&H's

---

[6]To bring a substantive due process claim, a plaintiff must first establish that he was deprived of a protected property right. See Shelton v. City of Coll. Station, 780 F.2d 475, 479 (5th Cir. 1986) (en banc). Even if the plaintiff is able to establish the existence of a protected property right, he must also demonstrate that the defendant's actions were arbitrary and capricious and unsupported by any "conceivable" rational basis. Id. at 482-483.

state substantive due process claims are likewise **DISMISSED**. See Dupree v. Belton, No. 10-1592, 2013 WL 701068, at *6 (W.D. La. Feb. 26, 2013), citing In re C.B., 97-2783 (La. 3/4/98), 708 So.2d 391, 397. The Court will defer ruling on the remaining state law claims after it completes its analysis of all pending federal claims.[7]

### III. CONCLUSION.

Based on the foregoing analysis, the Court finds the Chapter 126 zoning ordinances were a valid exercise of the Police Jury's police powers under both Article VI, Section 17 of the Louisiana Constitution of 1974 and Section 1236(38). Additionally, the Court finds that Defendants have complied with Act 558, as the Police Jury adopted a zoning plan to establish zoning regulations for the unincorporated area of Bossier Parish within five miles of the Town of Benton. Finally, because G&H has conceded that the actions of Defendants in relation to the rezoning application were not arbitrary and capricious, the Court dismisses G&H's substantive due process claims relating to the Rezoning Application.

Accordingly,

**IT IS ORDERED** that the Motion for Summary Judgment (Record Document 86) filed by Defendants, the Benton-Parish Metropolitan Planning Commission ("Benton-Parish MPC"), the Bossier Parish Police Jury ("Police Jury"), and the Parish of Bossier ("the Parish"), be and is hereby **GRANTED**. Plaintiff G&H Development, LLC's ("G&H") Claim III for Relief for declaratory judgment is **DISMISSED**.

**IT IS FURTHER ORDERED** that the Motion for Judgment on the Pleadings (or in the Alternative, Motion for Summary Judgment) filed by the Benton-Parish MPC (Record

---

[7]G&H's federal substantive due process claims relating to the Subdivision Plat Applications remain pending.

Document 87) and the Motion for Judgment on the Pleadings (or in the Alternative, Motion for Summary Judgment) filed by the Police Jury and the Parish (Record Document 91) be and are hereby **GRANTED**. All of G&H's federal substantive due process claims relating to the Rezoning Application are **DISMISSED**.

**IT IS FURTHER ORDERED** that G&H's substantive due process claims relating to the Rezoning Application brought under the Louisiana Constitution be and are hereby **DISMISSED**.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 21st day of May, 2015.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE