UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

G&H DEVELOPMENT, LLC                    CIVIL ACTION NO. 13-0272

VERSUS                                  JUDGE S. MAURICE HICKS, JR.

NANCY PENWELL, ET AL.                   MAGISTRATE JUDGE HORNSBY

**MEMORANDUM ORDER**

Before the Court are three Motions for Attorney's Fees filed by Defendants:

1. Motion for Attorney's Fees under 42 U.S.C. § 1988 filed on Behalf of the Bossier Parish Police Jury and the Parish of Bossier;

2. Motion for Attorney's Fees under 42 U.S.C. § 1988 filed on Behalf of the Benton-Parish Metropolitan Planning Commission; and

3. Motion for Attorney's Fees under 42 U.S.C. § 1988 filed on Behalf of Benton-Parish Metropolitan Board of Adjustment.

Record Documents 161, 163 & 164. Plaintiff G&H Development, LLC ("G&H") opposed all three motions. See Record Documents 178, 180 & 181.

This case centered around G&H's attempt to rezone land within the jurisdiction of the Benton-Parish Metropolitan Planning Commission ("Benton-Parish MPC").[1] G&H submitted two subdivision plat applications. G&H's first Rezoning Application and Subdivision Plat Application 1 went before the Benton-Parish MPC. The Rezoning Application was denied and the Subdivision Plat Application 1 was declared moot. G&H appealed to the Bossier Parish Police Jury ("the Police Jury") and the Police Jury upheld the Benton-Parish MPC's decision. G&H did not seek state judicial review of the adverse

---

[1]Detailed factual and procedural background of this case have been set forth in numerous memorandum rulings. See Record Documents 54, 56, 155, 158.

decision.

Approximately one month later, G&H attempted to submit Subdivision Plat Application 2 to the Office of the Benton-Parish MPC ("the Office"). Because Subdivision Plat Application 2 was not accompanied by an application for rezoning, Ms. Nancy Penwell ("Penwell"), the Zoning Administrator of the Office, did not submit Subdivision Plat Application 2 to the Benton-Parish MPC. She forwarded Subdivision Plat Application 2 to the Parish Attorney, Mr. Patrick Jackson ("Jackson"). Pursuant to a letter dated December 4, 2012, Jackson returned Subdivision Plat Application 2 to G&H based on Penwell's administrative interpretation of the applicable zoning ordinances. Jackson informed G&H that it could file an appeal with the Benton-Parish Metropolitan Board of Adjustment ("the Board of Adjustment") if it disagreed with the administrative interpretation of Penwell.

G&H then filed an appeal to the Board of Adjustment. After a public hearing, the Board of Adjustment denied the appeal, upholding Penwell's administrative interpretation of the zoning ordinances. G&H subsequently requested an appeal of the matter to the Police Jury. The Police Jury held a public hearing and declined jurisdiction to decide the appeal. It advised G&H that its appeal of the decision of the Board of Adjustment was to state district court, not the Police Jury. G&H did not seek judicial review in the state court system, but rather filed the instant federal lawsuit.

In this lawsuit, G&H sought: (1) declaratory judgment for violation of its rights to due process and equal protection under the United States Constitution and Louisiana Constitution; (2) declaratory judgment that the Benton-Parish MPC and Bossier Parish ("the Parish") had not lawfully established any zoning affecting land in the metropolitan planning area, including the subject property; (3) declaratory judgment that it was entitled to the

issuance of a certificate by the Benton-Parish MPC to the effect that Subdivision Plat 2 was approved; (4) injunctive relief; (5) damages; and (6) attorney's fees.

After extensive motion practice which took almost two years to complete, all of G&H's claims were dismissed. All federal and state constitutional claims were dismissed with prejudice. The state law claims were dismissed without prejudice, as this Court declined to exercise supplemental jurisdiction over purely state and local land use issues. The Police Jury, the Parish, the Board of Adjustment, and the Benton-Parish MPC have now moved for attorney's fees as the prevailing parties pursuant to Title 42, United States Code, Section 1988. The claims against these Defendants were resolved as follows:

> **Bossier Parish, the Police Jury, and the Benton-Parish MPC:** The Parish, the Police Jury, and the Benton-Parish MPC's Rule 12(b)(6) Motion to Dismiss seeking dismissal of G&H's federal and state claims for violation of equal protection and procedural due process was granted. See Record Documents 54 & 55. Their Rule 12(b)(1) Motion to Dismiss on the grounds of ripeness was denied. See Record Documents 56 & 57. Their Motions for Summary Judgment were granted as to G&H's federal and state law substantive due process claims and G&H's request for declaratory judgment regarding zoning regulations and ordinances. See Record Documents 155, 156, 158 & 159. The remaining state law claims were dismissed without prejudice. See Record Documents 158 & 159.
>
> **Board of Adjustment:** The Board of Adjustment's Rule 12(b)(6) Motion to Dismiss seeking dismissal on the grounds of judicial immunity was denied. See Record Document 52 & 53. Its Rule 12(b)(6) Motion to Dismiss seeking dismissal of G&H's federal and state claims for violation of equal protection and procedural due process was granted. See Record Documents 54 & 55. Its Rule 12(b)(1) Motion to Dismiss on the grounds of ripeness was denied. See Record Documents 56 & 57. Its Motions for Summary Judgment were granted as to G&H's federal and state law substantive due process claims and G&H's request for declaratory judgment regarding zoning regulations and ordinances. See Record Documents 155, 156, 158 & 159. The remaining state law claims were dismissed without prejudice. See Record Documents 158 & 159.

Section 1988 provides that a court, in its discretion, may award the prevailing party

a reasonable attorney's fee as part of the costs for proceedings in vindication of civil rights. See Dean v. Riser, 240 F.3d 505, 507 (5th Cir. 2001), citing 42 U.S.C. § 1988. "The purpose of this law is to ensure effective access to the judicial process for persons with civil rights grievances." Dean, 240 F.3d at 507, citing Hensley v. Eckerhart, 461 U.S. 424, 429, 103 S.Ct. 1933, 1937 (1983). Congress was prompted to enact such statutes authorizing district courts to award attorney's fees to prevailing parties in civil rights litigation because vigorous enforcement to vindicate civil rights is a high priority. See Dean, 240 F.3d at 507 (internal citations and quotations omitted). Thus, "a prevailing plaintiff is deserving of an award of attorney's fees because they are assessed against a violator of federal law." Id.

"In the case of prevailing civil rights defendants, however, the aforementioned policy considerations, which support the award of fees to a prevailing plaintiff, are inescapably absent." Id. A prevailing defendant seeking attorney's fees must rely on quite different equitable considerations, that is, protection "from burdensome litigation having no legal or factual basis." Id. at 508. Moreover, a prevailing defendant may recover an attorney's fee only where the suit was vexatious, frivolous, or brought to harass or embarrass the defendant. See Hensley, 461 U.S. at 429 n. 2, 103 S.Ct. at 1937 n. 2; Hughes v. Rowe, 449 U.S. 5, 14-15, 101 S.Ct. 173, 178-179 (1980); Jones v. Texas Tech Univ., 656 F.2d 1137, 1145 (5th Cir.1981).

In determining whether a suit is frivolous, a district court must focus on the question of whether or not the case is so lacking in arguable merit as to be groundless or without foundation rather than whether the claim was ultimately successful. See Jones, 656 F.2d at 1145. Factors to be considered in making such determination include: "(1) whether the plaintiff established a prima facie case, (2) whether the defendant offered to settle, and (3)

whether the court held a full trial." Myers v. City of W. Monroe, 211 F.3d 289, 292 (5th Cir.2000). These factors are "guideposts," and frivolousness must be judged on a case-by-case basis. Doe v. Silsbee Indep. Sch. Dist., 440 Fed.Appx. 421, 425 (5th Cir.2011) (per curiam ).

Here, there is no dispute that Defendants were the prevailing parties, as all federal and state constitutional claims against the Police Jury, Bossier Parish, the Benton-Parish MPC, and the Board of Adjustment were dismissed with prejudice. The question thus becomes whether G&H's lawsuit was vexatious, frivolous, or brought to harass or embarrass these Defendants. The Court finds that the positions advanced by G&H as to these Defendants were neither vexatious nor frivolous and were not brought to harass or embarrass these Defendants. The dismissal of the federal and state constitutional claims came after two rounds of highly contested motion practice. The last round of motions were decided on the eve of trial. The parties filed detailed and lengthy briefs, showing extensive research on the issues presented. The Court likewise conducted its own exhaustive research. G&H's claims were not ultimately successful; yet, this Court can not say that such claims had no legal or factual basis or were so lacking in arguable merit as to be groundless or without foundation. See Jones, 656 F.2d at 1145. Moreover, the Court notes that the state law claims remained viable as they were dismissed without prejudice because this Court declined to exercise supplemental jurisdiction over purely state and local land use issues. G&H had a reasonable ground for bringing suit against the Parish, the Police Jury, the Board of Adjustment, and the Benton-Parish MPC. Accordingly, the Motions for Attorney's Fees (Record Documents 161, 163 & 164) filed by the Parish, the Police Jury, the Board of Adjustment, and the Benton-Parish MPC be and are hereby

**DENIED**.

      **IT IS SO ORDERED.**

      **THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 27th day of September 2016.

                                                                  _____
                                                                       S. MAURICE HICKS, JR.
                                                              UNITED STATES DISTRICT JUDGE