UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| G&H DEVELOPMENT, LLC | CIVIL ACTION NO. 13-0272 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| NANCY PENWELL, ET AL. | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM ORDER**

Before the Court are two Motions for Attorney's Fees filed by Defendants:

1. Motion for Attorney's Fees under 42 U.S.C. § 1988 filed on Behalf of Nancy Penwell; and

2. Motion for Attorney's Fees under 42 U.S.C. § 1988 filed on Behalf of Doyle Adams, Jim Morris, & Fred Rankin.

Record Documents 160 & 162. Plaintiff G&H Development, LLC ("G&H") opposed both motions. See Record Documents 177 & 179.

This case centered around G&H's attempt to rezone land within the jurisdiction of the Benton-Parish Metropolitan Planning Commission ("Benton-Parish MPC").[1] G&H submitted two subdivision plat applications. G&H's first Rezoning Application and Subdivision Plat Application 1 went before the Benton-Parish MPC. The Rezoning Application was denied and the Subdivision Plat Application 1 was declared moot. G&H appealed to the Bossier Parish Police Jury ("the Police Jury") and the Police Jury upheld the Benton-Parish MPC's decision. G&H did not seek state judicial review of the adverse decision.

Approximately one month later, G&H attempted to submit Subdivision Plat

---

[1] Detailed factual and procedural background of this case have been set forth in numerous memorandum rulings. See Record Documents 50, 52, 54, 56, 150, 155 & 158.

Application 2 to the Office of the Benton-Parish MPC ("the Office"). Because Subdivision Plat Application 2 was not accompanied by an application for rezoning, Ms. Nancy Penwell ("Penwell"), the Zoning Administrator of the Office, did not submit Subdivision Plat Application 2 to the Benton-Parish MPC. She forwarded Subdivision Plat Application 2 to the Parish Attorney, Mr. Patrick Jackson ("Jackson"). Pursuant to a letter dated December 4, 2012, Jackson returned Subdivision Plat Application 2 to G&H based on Penwell's administrative interpretation of the applicable zoning ordinances. Jackson informed G&H that it could file an appeal with the Benton-Parish Metropolitan Board of Adjustment ("the Board of Adjustment") if it disagreed with the administrative interpretation of Penwell.

G&H then filed an appeal to the Board of Adjustment. Doyle Adams ("Adams"), Jim Morris ("Morris"), and Fred Rankin ("Rankin") were members of the Board of Adjustment. After a public hearing, the Board of Adjustment denied the appeal, upholding Penwell's administrative interpretation of the zoning ordinances. G&H subsequently requested an appeal of the matter to the Police Jury. The Police Jury held a public hearing and declined jurisdiction to decide the appeal. It advised G&H that its appeal of the decision of the Board of Adjustment was to state district court, not the Police Jury. G&H did not seek judicial review in the state court system, but rather filed the instant federal lawsuit.

In this lawsuit, G&H sought: (1) declaratory judgment for violation of its rights to due process and equal protection under the United States Constitution and Louisiana Constitution; (2) declaratory judgment that the Benton-Parish MPC and Bossier Parish ("the Parish") had not lawfully established any zoning affecting land in the metropolitan planning area, including the subject property; (3) declaratory judgment that it was entitled to the issuance of a certificate by the Benton-Parish MPC to the effect that Subdivision Plat 2 was

approved; (4) injunctive relief; (5) damages; and (6) attorney's fees.

After extensive motion practice which took almost two years to complete, all of G&H's claims were dismissed. All federal and state constitutional claims were dismissed with prejudice. The state law claims were dismissed without prejudice, as this Court declined to exercise supplemental jurisdiction over purely state and local land use issues. Penwell, Adams, Morris, and Rankin have now moved for attorney's fees as the prevailing parties pursuant to Title 42, United States Code, Section 1988.[2] Penwell seeks $28,054.25 in fees and Adams, Morris, and Rankin seek $136,097.45 in fees. The claims against these Defendants were resolved as follows:

> **Penwell:** Penwell's Rule 12(b)(6) Motion to dismiss was granted. All claims against Penwell in her individual capacity were dismissed on the grounds of qualified immunity. This Court held that Penwell's conduct fell within the scope of her discretionary authority as Zoning Administrator of the Benton-Parish MPC. Additionally, her actions were objectively reasonable. See Record Documents 50 & 51.
>
> **Adams, Morris, and Rankin:** Adams, Morris, and Rankin's Rule 12(b)(6) Motion to Dismiss seeking dismissal on the grounds of judicial immunity was denied. See Record Document 52 & 53. Their Rule 12(b)(6) Motion to Dismiss seeking dismissal of G&H's federal and state claims for violation of equal protection and procedural due process was granted. See Record Documents 54 & 55. Their Rule 12(b)(1) Motion to Dismiss on the grounds of ripeness was denied. See Record Documents 56 & 57. Their Rule 12© Motion for Judgment on the Pleadings raising qualified immunity and their Motion for Judgment on the Pleadings (or in the Alternative, Motion for Summary Judgment) seeking dismissal of G&H's substantive due process claims relating to the Subdivision Plat Application 2 were granted. See Record Document 150. G&H did not oppose these two motions in relation to Adams, Morris, and Rankin. See id. In fact, G&H conceded that it did not have any claims against Adams, Morris, and Rankin in their personal capacities. See id.

---

[2]The Parish of Bossier paid the attorney's fees incurred by Penwell, Adams, Morris, and Rankin. See Record Document 160 at ¶ 3; Record Document 162 at ¶ 3.

Section 1988 provides that a court, in its discretion, may award the prevailing party a reasonable attorney's fee as part of the costs for proceedings in vindication of civil rights. See Dean v. Riser, 240 F.3d 505, 507 (5th Cir. 2001), citing 42 U.S.C. § 1988. "The purpose of this law is to ensure effective access to the judicial process for persons with civil rights grievances." Dean, 240 F.3d at 507, citing Hensley v. Eckerhart, 461 U.S. 424, 429, 103 S.Ct. 1933, 1937 (1983). Congress was prompted to enact such statutes authorizing district courts to award attorney's fees to prevailing parties in civil rights litigation because vigorous enforcement to vindicate civil rights is a high priority. See Dean, 240 F.3d at 507 (internal citations and quotations omitted). Thus, "a prevailing plaintiff is deserving of an award of attorney's fees because they are assessed against a violator of federal law." Id.

"In the case of prevailing civil rights defendants, however, the aforementioned policy considerations, which support the award of fees to a prevailing plaintiff, are inescapably absent." Id. A prevailing defendant seeking attorney's fees must rely on quite different equitable considerations, that is, protection "from burdensome litigation having no legal or factual basis." Id. at 508. Moreover, a prevailing defendant may recover an attorney's fee only where the suit was vexatious, frivolous, or brought to harass or embarrass the defendant. See Hensley, 461 U.S. at 429 n. 2, 103 S.Ct. at 1937 n. 2; Hughes v. Rowe, 449 U.S. 5, 14-15, 101 S.Ct. 173, 178-179 (1980); Jones v. Texas Tech Univ., 656 F.2d 1137, 1145 (5th Cir.1981).

In determining whether a suit is frivolous, a district court must focus on the question of whether or not the case is so lacking in arguable merit as to be groundless or without foundation rather than whether the claim was ultimately successful. See Jones, 656 F.2d at 1145. Factors to be considered in making such determination include: "(1) whether the

plaintiff established a *prima facie* case, (2) whether the defendant offered to settle, and (3) whether the court held a full trial." Myers v. City of W. Monroe, 211 F.3d 289, 292 (5th Cir.2000). These factors are "guideposts," and frivolousness must be judged on a case-by-case basis. Doe v. Silsbee Indep. Sch. Dist., 440 Fed.Appx. 421, 425 (5th Cir.2011) (per curiam ).

Here, there is no dispute that these Defendants were the prevailing parties, as all claims against them were dismissed with prejudice.[3] The question thus becomes whether G&H's lawsuit was vexatious, frivolous, or brought to harass or embarrass these Defendants.

**I.      Penwell.**

Factors two and three of the frivolous determination weigh heavily in favor of awarding attorney's fees as to Penwell. Penwell never offered to settle and G&H's claims against Penwell were dismissed early in the litigation on Rule 12(b)(6) grounds. Moreover, this Court is not persuaded by G&H's chief argument that "there can be no doubt that plaintiff made a *prima facie* case against Ms. Penwell, because this Court reached the merits of Ms. Penwell's qualified immunity defense." Record Document 177 at 9. Even a cursory review of this Court's March 25, 2014 ruling defeats this argument. See Record Document 50. In its ruling, this Court clearly held that all of Penwell's actions fell within the scope of her discretionary authority as Zoning Administrator. Moreover, the Court noted:

---

[3]Penwell moved for dismissal of all federal and state law claims. See Record Document 37. The motion was granted, thus all claims against Penwell were dismissed. See Record Documents 50 & 51. Likewise, G&H conceded that it did not have any claims against Adams, Morris, and Rankin in their individual/personal capacities. See Record Document 150 at 1-2, n. 1.

> G&H did not argue that Penwell's conduct was not within the scope of the authority delegated to the zoning administrator by the aforementioned ordinances. Rather, G&H argued that Penwell's proof as to the scope of her authority was "utterly lacking" because she failed to attach or introduce the ordinances.

Id. at 9. The Court further held that G&H's arguments that Penwell's conduct violated federal law and was not objectively reasonable were based on bare allegations and conclusory statements. See id. at 11-12. G&H failed to allege any facts countering Penwell's reliance upon local zoning ordinances and her years of experience in making administrative determinations regarding such ordinances. Thus, this Court holds that G&H's claims against Penwell were frivolous for purposes of Section 1988.

## II.   Adams, Morris, and Rankin.

Factors two and three of the frivolous determination also weigh heavily in favor of awarding attorney's fees as to Adams, Morris and Rankin. None of these defendants offered to settle and G&H's claims against these defendants were dismissed in motion practice. Adams, Morris and Rankin were sued in their individual/personal capacities as members of the Board and G&H eventually conceded that it did not have any claims against them in their personal capacities. See Record Document 143 at ¶ D(26).

G&H once again maintained that it made a *prima facie* case against these defendants because this Court reached the merits of qualified immunity. See Record Document 179 at 9-10. This Court is unconvinced, as its Memorandum Order of May 15, 2015 clearly demonstrates the merits of the qualified immunity defense were not discussed; rather, G&H conceded its claims against Adams, Morris, and Rankin. See Record Document 150. G&H argues that just because it conceded its claims against these defendants "does not mean such claims were frivolous." Record Document 179 at 12. The

Court is likewise unpersuaded by this argument based on Christiansburg Garment Co. v. Equal Emp't Opportunity Comm'n, 434 U.S. 412, 98 S.Ct. 694 (1978). In Christianburg, the Supreme Court held that "a plaintiff should not be assessed his opponent's attorney's fees unless a court finds that his claim was frivolous, unreasonable, or groundless, ***or that the plaintiff continued to litigate after it clearly became so***." Id. at 422, 98 S.Ct. at 701 (emphasis added). Here, G&H stated that it did not oppose the motions filed by Adams, Morris, and Rankin in light of this Court's earlier ruling granting qualified immunity to Penwell. See Record Document 150, n. 1. Such statement was made in December 2014 and Penwell had been dismissed on the grounds of qualified immunity in March 2014. See Record Documents 50, 51 & 111. Thus, at a minimum, G&H maintained its claims against Adams, Morris, and Rankin for eight months after it became clear that such claims should be dismissed. Accordingly, as detailed above, this Court holds that G&H's claims against Adams, Morris, and Rankin were frivolous for purposes of Section 1988, as G&H's claims against these defendants in their individual/personal capacity were so lacking in arguable merit as to be groundless or were without foundation. The Court will award reasonable attorney's fees to Adams, Morris, and Rankin.[4]

### III.   Amount of Attorney's Fees Award.

In Watkins v. Fordice, 7 F.3d 453 (5th Cir. 1993), the Fifth Circuit explained:

---

[4]G&H notes "that at least two of defendants' attempts to dismiss were unsuccessful," as these defendants lost on their Rule 12 motions to dismiss relating to judicial immunity and ripeness. Record Document 179 at 5, citing Record Documents 54-57. The Court, in its discretion, will closely review any fees submitted by defense counsel in relation to judicial immunity. The Court will then determine if any attorney's fees should be awarded for such legal work. The same approach is more unlikely as to the ripeness issue, as the motion practice relating to ripeness was intertwined with substantive due process. See Record Document 56 & 57.

> To determine the award amount, the court must first calculate the "lodestar" by multiplying the number of hours reasonably spent on the litigation times a reasonable hourly billing rate. Hensley v. Eckerhart, 461 U.S. 424, 434, 103 S.Ct. 1933, 1939 (1983). The court should consider the factors announced in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714, 717-19 (5th Cir.1974), when analyzing the reasonableness of the hours expended and the hourly rate requested. Once determined, the lodestar may be adjusted upward or downward if the Johnson factors, not included in the reasonable fee analysis, warrant the adjustment. Shipes v. Trinity Indus., 987 F.2d 311, 320 (5th Cir.1993). The lodestar, however, is presumptively reasonable and should be modified only in exceptional cases. City of Burlington v. Dague, 505 U.S. 557, 562, 112 S.Ct. 2638, 2641 (1992).

Watkins, 7 F.3d at 457. "Reasonable fees are to be calculated according to the prevailing market rates in the relevant community." Powell v. Hill, No. 07-CV-0483, 2008 WL 4933983, at *3 (W.D. La. Nov. 13, 2008), citing Blum v. Stenson, 465 U.S. 886, 104 S.Ct. 1541 (1984). The appropriate hourly rate is not that which "lions at the bar may command" but a rate that is adequate to attract competent counsel. Powell, 2008 WL 4933983, *3, citing Leroy v. City of Houston, 906 F.2d 1068, 1079 (5th Cir.1990).

The law firm of Neil Erwin LA, LLC represented six defendants in this matter: Penwell, the Benton-Parish MPC, the Board of Adjustment, Adams, Morris, and Rankin. See Record Document 160-1 at 24. The law firm charged the following hourly rates in connection with its representation of Penwell, Adams, Morris, and Rankin: (1) Neil Erwin, Attorney - $175; (2) Susannah Stinson, Attorney - $150; (3) Caroline Mladenka, Policy Analyst - $100; (4) Bonnie Barclay, Paralegal - $65; and (5) Patricia Doane, Paralegal - $65. The Court finds these hourly rates to be reasonable hourly billing rates. See Powell, 2008 WL 4933983, *5; Record Documents 167 (Affidavit and Contemporaneous Time Reports). Moreover, G&H does not appear to contest the reasonableness of the hourly rates, but rather challenges the reasonableness of the total hours submitted. See Record

Documents 177 & 179.

    **A.    Penwell.**

Penwell was dismissed from this case on the grounds of qualified immunity on March 25, 2014. See Record Documents 50 & 51. From the date the complaint was filed on February 4, 2013 to the date of dismissal, defense counsel allocated time to four categories: (1) "General Time" (related to all claims and all six clients); (2) "Penwell Only Time" (related solely to the representation of Penwell); (3) "Adams, Morris & Rankin Only Time/Judicial Immunity" (related solely to the representation of defendants Adams, Morris & Rankin); and (4) "Adams, Morris & Rankin Only Time/Qualified Immunity" (related solely to the representation of defendants Adams, Morris & Rankin). See Record Document 160-1 at 24. The total number of hours defense counsel represents as reasonable is as follows:

| | |
|---|---|
| Neil Erwin | 420.70 |
| Susannah Stinson | 949.90 |
| Caroline E. Mladenka | 224.90 |
| Bonnie Barclay | 7.70 |
| Patricia Doane | 28.10 |
| Total | 1,631.30 |

Id. at 25, citing Record Document 167. The total amount of fees which defense counsel represents as reasonable is $240,924.50. See id. This calculation reflects a 35.01% reduction in fees.[5] See id.

Defense counsel multiplied the reasonable hourly rate by the number of reasonable hours expended and yielded the following lodestar calculation:

---

[5] According to defense counsel, 526.58 hours of time were written off as either duplicative or upon which they, in a good faith effort to exercise billing judgment, are not seeking reimbursement. See Record Document 160-1 at 25, citing Saizan v. Delta Concrete Products Co., 448 F.3d 795, 799 (5th Cir. 2006).

GENERAL TIME

|  | Hours | Rate | Allocation | Subtotal |
|---|---|---|---|---|
| Neil Erwin | 146 x | $175 x | 1/6 = | $ 4,258.33 |
| Susannah Stinson | 148.6 x | $150 x | 1/6 = | $ 3,715.00 |
| Caroline Mladenka | 151.8 x | $100 x | 1/6 = | $ 2,530.00 |
| Bonnie Barclay | 4.7 x | $65 x | 1/6 = | $ 50.92 |

Total = $10,554.25

NANCY PENWELL ONLY TIME

|  | Hours | Rate | Allocation | Subtotal |
|---|---|---|---|---|
| Neil Erwin | 18.0 x | $175 x | 1 = | $ 3,150.00 |
| Susannah Stinson | 82.6 x | $150 x | 1 = | $12,390.00 |
| Caroline Mladenka | 1.0 x | $100 x | 1 = | $ 100.00 |
| Bonnie Barclay | 0.0 x | $65 x | 1 = | $ 0.00 |

Total = $15,640.00

Id. at 25-26. Based on this calculation, Penwell seeks to recover attorney's fees in the amount of $26,194.25, which is the combined total number of hours, minus billing discretion write-offs, multiplied by the reasonable hourly rate. Penwell also seeks to recover 1/6 of the fees spent litigating the attorney's fees issue. Defense counsel identified the following additional fees:

|  | Hours | Rate | Allocation | Subtotal |
|---|---|---|---|---|
| Susannah Stinson | 64.0 x | $150 x | 1/6 = | $ 1,600.00 |
| Patricia Doane | 24.0 x | $65 x | 1/6 = | $ 260.00 |

Total = $ 1,860.00

Id. at 26-27. In total, Penwell seeks to recover $28,054.25 in attorney's fees.

Based on an extensive review of the record and its familiarity with the complexity of the motion practice in this case, the Court finds that the hours expended and the hourly rates requested are both reasonable and the proper lodestar fee is $28,054.25. The next step is to consider whether the lodestar should be adjusted upward or downward if the

Johnson factors[6] warrant the adjustment. Penwell has waived any right to seek an upward adjustment and this Court finds that the Johnson factors do not warrant a downward adjustment in this matter. See Record Document 160-1 at 27-28.

G&H argues that "[D]efendants act as if they spent no time at all on [G&H's] state law claims"; that 22.1 hours conducting research and 74.2 hours drafting, editing, and revising the motion" is unreasonable; and "allowing [D]efendants more than $15,000 in attorneys' fees for a single motion and reply is not reasonable." Record Document 177 at 13-15. Moreover, G&H maintains that "in the event that this Court finds that Ms. Penwell is entitled to attorneys' fees, a reasonable fee award would be $5,000." Record Document 177 at 15. The Court is unpersuaded by these arguments and, as stated previously, finds $28,054.25 in attorney's fees for Penwell to be both reasonable and the proper lodestar fee.

### B. Adams, Morris, and Rankin.

Adams, Morris and Rankin were dismissed from this case on May 15, 2015, when G&H conceded the dismissal of all claims against the individual members of the Board of Adjustment. See Record Document 150. As to these Defendants, defense counsel allocated time to the following categories: (1) "General Time" (related to all claims and all six clients/remaining clients); (2) "Penwell Only Time" (related solely to the representation

---

[6]The factors are (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. See Johnson, 488 F.2d 714, 717-719.

of Penwell); (3) "Adams, Morris & Rankin Only Time/Judicial Immunity" (related solely to the representation of defendants Adams, Morris & Rankin); and (4) "Adams, Morris & Rankin Only Time/Qualified Immunity" (related solely to the representation of defendants Adams, Morris & Rankin); (5) Claims for Relief I, II & III; and (6) Claim for Relief IV. Record Document 162-1 at 23. The total number of hours defense counsel represents as reasonable is as follows:

| | |
|---|---|
| Neil Erwin | 420.70 |
| Susannah Stinson | 949.90 |
| Caroline E. Mladenka | 224.90 |
| Bonnie Barclay | 7.70 |
| Patricia Doane | 28.10 |
| Total | 1,631.30 |

Id. at 16, citing Record Document 167. The total amount of fees which defense counsel represents as reasonable is $240,924.50. See id. This calculation reflects a 35.01% reduction in fees. See id.

Defense counsel multiplied the reasonable hourly rate by the number of reasonable hours expended and yielded the following lodestar calculation:

GENERAL TIME 2/4/13 TO 3/25/14 (PENWELL DISMISSED ON 3/25/14)

| | Hours | Rate | Allocation | Subtotal |
|---|---|---|---|---|
| Neil Erwin | 146 x | $175 x | 3/6 = | $12,774.99 |
| Susannah Stinson | 148.6 x | $150 x | 3/6 = | $11,145.00 |
| Caroline Mladenka | 151.8 x | $100 x | 3/6 = | $ 7,590.00 |
| Bonnie Barclay | 4.7 x | $65 x | 3/6 = | $ 152.76 |

Total = $31,662.75

ADAMS, MORRIS & RANKIN ONLY TIME 2/4/13 TO 3/26/14
(RULE 12 DEFENSE ON BASIS OF JUDICIAL IMMUNITY)

|  | Hours | Rate | Allocation | Subtotal |
|---|---|---|---|---|
| Neil Erwin | 17.60 x | $175 x | 1 = | $ 3,080.00 |
| Susannah Stinson | 36.60 x | $150 x | 1 = | $ 5,490.00 |

Total = $ 8,570.00

ADAMS, MORRIS & RANKIN ONLY TIME 2/4/13 TO 3/26/14
(RULE 12 DEFENSE ON BASIS OF QUALIFIED IMMUNITY)

|  | Hours | Rate | Allocation | Subtotal |
|---|---|---|---|---|
| Neil Erwin | 6.20 x | $175 x | 1 = | $1,085.00 |

Total = $1,085.00

CLAIMS FOR RELIEF I, II & III (2/4/13 TO 3/25/14)

|  | Hours | Rate | Allocation | Subtotal |
|---|---|---|---|---|
| Neil Erwin | 59.6 x | $175 x | 3/5 = | $ 6,258.00 |
| Susannah Stinson | 54.4 x | $150 x | 3/5 = | $ 4,896.00 |
| Caroline Mladenka | 31.5 x | $100 x | 3/5 = | $ 1,890.00 |
| Bonnie Barclay | 3   x | $65  x | 3/5 = | $ 117.00 |

Total = $13,161.00

GENERAL TIME 3/26/14 TO 5/15/15

|  | Hours | Rate | Allocation | Subtotal |
|---|---|---|---|---|
| Neil Erwin | 51.2  x | $175 x | 3/5 = | $ 5,376.00 |
| Susannah Stinson | 263.8 x | $150 x | 3/5 = | $23,742.00 |
| Caroline Mladenka | 27.5  x | $100 x | 3/5 = | $ 1,650.00 |
| Patricia Doane | 13.7  x | $65  x | 3/5 = | $ 534.30 |

Total = $31,302.30

ADAMS, MORRIS & RANKIN ONLY TIME 3/26/14 TO 5/15/15
(DEFENSE ON BASIS OF QUALIFIED IMMUNITY)

|  | Hours | Rate | Allocation | Subtotal |
|---|---|---|---|---|
| Neil Erwin | 3.90  x | $175 x | 1 = | $ 682.50 |
| Susannah Stinson | 36.80 x | $150 x | 1 = | $ 5,520.00 |

Total = $ 6,202.00

CLAIMS FOR RELIEF I, II & III (3/26/14 TO 5/27/15)

|  | Hours | Rate | Allocation | Subtotal |
|---|---|---|---|---|
| Neil Erwin | 109.8 x | $175 x | 3/5 = | $11,529.00 |
| Susannah Stinson | 288.6 x | $150 x | 3/5 = | $16,974.00 |
| Caroline Mladenka | 9.0 x | $100 x | 3/5 = | $ 540.00 |
| Patricia Doane | 12.6 x | $65 x | 3/5 = | $ 491.40 |
|  |  |  | Total = | $38,534.40 |

Id. at 16-18, citing Record Document 167. Based on this calculation, Penwell seeks to recover attorney's fees in the amount of $130,517.45, which is the combined total number of hours, minus billing discretion write-offs, multiplied by the reasonable hourly rate.[7] See id. at 18-19. Adams, Rankin, and Morris also seek to recover 3/6 of the fees spent litigating the attorney's fees issue. Defense counsel identified the following additional fees:

|  | Hours | Rate | Allocation | Subtotal |
|---|---|---|---|---|
| Susannah Stinson | 64.0 x | $150 x | 3/6 = | $ 4,800.00 |
| Patricia Doane | 24.0 x | $65 x | 3/6 = | $ 780.00 |
|  |  |  | Total = | $ 5,580.00 |

In total, Adams, Morris, and Rankin seek to recover $136,097.45. See id. at 19.

Again, after an extensive review of the record and because of its familiarity with the complexity of the motion practice in this case, the Court finds that the hours expended and the hourly rates requested are both reasonable. The next step is to consider whether the lodestar should be adjusted upward or downward if the Johnson factors warrant the adjustment. Adams, Morris, and Ranking have waived any right to seek an upward adjustment and this Court finds that the Johnson factors do not warrant a downward

---

[7]While defense counsel itemized the lodestar calculation for Claim for Relief IV, the amounts of $1,620.00 and $1,832.70 are not sought as fees. See Record Document 162-1 at 17-18.

adjustment in this matter.  See Record Document 162-1 at 20.

As with Penwell, G&H argues that "[D]efendants act as if they spent no time at all on [G&H's] state law claims."  Record Document 179 at 14.  G&H also maintains that Adams, Morris and Rankin should not be entitled to any of the "general time" because the allocations were "purely arbitrary and speculative."  Id. at 14-15.  Finally, G&H contends that the fees sought in relation to qualified immunity are not reasonable.  See id. at 16.  The Court is unpersuaded by these arguments and finds that the lodestar calculation was reasonable and proper.  However, as stated in note 4 *supra* and after reviewing this matter in great detail, this Court will exercise its discretion and strike the fees requested for the defense of judicial immunity, as Adams, Morris, and Rankin's Rule 12 motion raising judicial immunity was denied.  Thus, the Court awards attorney's fees in the amount of $127,527.45 ($136,097.45 - $8,570.00).

Based on the foregoing analysis, the Motions for Attorney's Fees (Record Documents 160 & 162) filed by the Penwell, Adams, Morris, and Rankin be and are hereby **GRANTED**.  Penwell is awarded attorney's fees in the amount of $28,054.25 and Adams, Morris, and Rankin are awarded attorney's fees in the amount of $127,527.45.

**IT IS SO ORDERED.**

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 27th day of September 2016.

S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE